FILED
U.S. IN CLERK'S OFFICE
DISTRICT COURT E.D.N.Y.
★ AUG 01 2018 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ADAM PLOTCH,

        Plaintiff,

- against -

WELLS FARGO BANK, N.A.,

        Defendant.
-----------------------------------------------------------------x

OPINION & ORDER

No. 17-CV-00309 (NG) (RER)

GERSHON, United States District Judge:

On January 8, 2018, I issued an Opinion and Order (the "January Order") dismissing plaintiff Adam Plotch's complaint seeking invalidation of mortgages and loan agreements connected to real property located at 387 Adelphi Street in Brooklyn ("the property"), and declaratory judgements that his rights to the property are superior to those of defendant Wells Fargo Bank, N.A. ("Wells Fargo"). Plotch now moves, pursuant to Federal Rule of Civil Procedure 15(a)(2), to amend his complaint to add claims for invalidation of a 2005 Consolidated, Extension, and Modification Agreement ("2005 CEMA") and a 2005 Consolidated Mortgage on the property that the previous owner Philip McKenzie ("McKenzie") executed in favor of Wells Fargo. Wells Fargo opposes the motion on the ground that plaintiff's Proposed Amended Complaint ("PAC") would be futile as it fails to state a claim. For the reasons set forth below, plaintiff's motion is denied.

I.     Background

The factual allegations of the original complaint are set forth in the January Order, familiarity with which is presumed. The January Order concluded that "the 2005 Consolidated Mortgage supersedes the prior mortgages and is the mortgage critical to the rights of the parties." January Order, at 7. As plaintiff had not challenged the validity of the 2005 Consolidated Mortgage

1

in his original complaint, I granted defendant's motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim.

Plaintiff now moves to amend his complaint to add claims concerning the 2005 CEMA and 2005 Consolidated Mortgage. As to both, plaintiff argues that, because McKenzie's signatures on the recorded copies of those documents were "not properly witnessed, notarized, or acknowledged," those documents "[do] not meet the requirements for recording in [the] Kings County land records," and therefore cannot be enforced against him. PAC at ¶¶ 74, 84.

Plaintiff's PAC refers to the 2005 CEMA, the 2005 Consolidated Mortgage, and an "Affidavit under Section 255 Tax Law" ("Tax Affidavit"), which is annexed to the 2005 Consolidated Mortgage in the land records. *Id.* at ¶50. Although none of the documents is included as an enclosure to the PAC, the PAC discusses the documents in detail, referencing specific pages by page number and describing their form, execution, and recording. Defendant included with its opposition papers copies of the documents, both as recorded and as maintained on file with defendant.[1] At oral argument, the parties agreed that defendant's Exhibit C to the Declaration of Andrew B. Messite accurately reflects the documents as available on the public registry. Transcript of Oral Argument, July 23, 2018 at 7:2–16. Plaintiff also acknowledged that the 2005 CEMA, the 2005 Consolidated Mortgage, and the Tax Affidavit were executed contemporaneously. *Id.* at 8:2–16.

## II.     Leave to Amend Standard

Courts "should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). A request to amend should be denied only in the face of undue delay, bad faith, undue prejudice, or futility of the amendment. *See Cox v. Blackberry Limited*, 660 Fed. Appx. 23,

---

[1]     While the PAC does not reference the original documents maintained on file with defendant, plaintiff had an opportunity to inspect those copies during an *in camera* conference with Magistrate Judge Ramon E. Reyes, Jr. on June 15, 2017.

2

25 (2d Cir. 2016). An amendment would be futile if it would not "withstand a motion to dismiss." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). This standard requires that the proposed amendment plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In considering a motion to dismiss, a district court may consider the facts alleged in the complaint, "documents attached to the complaint as an exhibit," and documents incorporated by reference in the complaint. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

In determining whether an amendment is futile, the court must accept plaintiff's factual allegations as true. *Medina v. Tremor Video, Inc.*, 640 Fed. Appx. 45, 47 (2d Cir. 2016). A court is however "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Additionally, if the allegations of a proposed amended complaint are contradicted by documents made a part thereof, the document controls and the court need not accept the allegations as true. *See Barnum v. Millbrook Care Ltd. P'ship*, 850 F.Supp. 1227, 1232–33 (S.D.N.Y. 1994), *aff'd*, 43 F.3d 1458 (2d Cir. 1994) (table decision). "The non-movant bears the burden of demonstrating that the proposed amendment would be prejudicial or futile." *Zucker v. Porteck Global Servs., Inc.*, 2015 WL 6442414, at *4 (E.D.N.Y. Oct. 23, 2015).

**III. Discussion**

For the purposes of this motion, I consider the facts as alleged in the PAC and defendant's Exhibit C. The plaintiff references the Exhibit C documents in his PAC and acknowledges their authenticity. I do not consider the copies of the documents maintained on file with defendant because the PAC does not reference those documents.

New York Real Property Law § 291 provides that a conveyance of real property, within the state, may be recorded "on being duly acknowledged by the person executing the same, . . . and such acknowledgment or proof duly certified when required by this chapter." N.Y. Real Prop. Law § 291. Section 298 of the same chapter provides that acknowledgment or proof of a conveyance of real property may be made by a notary public. *Id.* at § 298. When read together, the condition relevant here is that a conveyance of real property may be recorded when signed by the party executing the conveyance and acknowledged by a notary public.

The central assertion in the PAC is that the 2005 CEMA and the 2005 Consolidated Mortgage are invalid as to plaintiff although they were recorded in the public registry and plaintiff actually reviewed them prior to his purchase of the property. Plaintiff advances two arguments in this regard.

First, he argues that he did not have proper notice of the 2005 CEMA and 2005 Consolidated Mortgage because the versions of the documents viewable by him in the public record did not show the identifying information of the notary public who acknowledged McKenzie's signature. While a scribbled signature appears in the notary blocks on the 2005 CEMA and 2005 Consolidated Mortgage, the notary's printed name, notary number, county of qualification, and date of commission expiration do not appear. Plaintiff pointedly declines to make a claim that there is anything wrong with the notarizations on the underlying documents.[2] Rather, the allegation is that, because plaintiff could not read the notary's signature and view the notary's identifying information on the face of the documents in the public record, he cannot be charged with notice of those documents.

---

[2] Plaintiff notes that "the PAC relies exclusively on documents that are part of the public record" in urging the court not to consider the original documents maintained on file by defendant. Pl.'s Reply Br. 6.

Plaintiff provides no authority for his contention that the public record must provide him with notice of the identifying information of a notary public acknowledging mortgage documents.[3] In any event, the public record contains such information. Plaintiff agrees that the Tax Affidavit was filed on the public record with the 2005 CEMA and 2005 Consolidated Mortgage and was executed contemporaneously with them. The Tax Affidavit contains the following information underneath the notary's signature: "STEVE BERRINS NOTARY PUBLIC, State of New York No. 01BE5012523 Qualified in Queens County Commission Expires June 15, 2007." Decl. of Andrew B. Messite, Ex. C at 42.[4] Thus, even if the public record must furnish a subsequent purchaser with such information, plaintiff had that information.

Second, plaintiff argues that the 2005 Consolidated Mortgage, although recorded, was not record-"able" and thus is invalid as to him under New York Real Property Law § 329. To this end, plaintiff relies on cases where an owner of real property successfully sued for invalidation of

---

[3] To the extent that plaintiff suggests that the absence of the notary's information would itself invalidate the acknowledgment, this contention is contrary to law. New York law contains the following provision regarding a notary public's execution of his or her duties:
> In exercising his powers pursuant to this article, a notary public, in addition to the venue of his act and his signature, shall print, typewrite, or stamp beneath his signature in black ink, his name, the words "Notary Public State of New York," the name of the county in which he originally qualified, and the date upon which his commission expires . . . . **No official act of such notary public shall be held invalid on account of the failure to comply with these provisions.** If any notary public shall wilfully fail to comply with any of the provisions of this section, he shall be subject to disciplinary action by the secretary of state. **In all the courts within this state the certificate of a notary public, over his signature, shall be received as presumptive evidence of the facts contained in such certificate**; provided, that any person interested as a party to a suit may contradict, by other evidence, the certificate of a notary public.

N.Y. Exec. Law § 137 (emphasis added); accord *Parkhill v. Cleary*, 305 A.D.2d 1088, 1089 (4th Dep't 2003) ("[T]he technical defects in the jurat . . . do not invalidate the official act of the notary public.").

[4] I do not accept as true the PAC's statement that the Tax Affidavit "does not identify the purported 'officer' who purportedly took the acknowledgment of the putative affiant . . ." because this assertion is contradicted by the recorded copy of the Tax Affidavit.

defective mortgages. However, the cases on which plaintiff relies concern a fundamental defect with the underlying record. *See, e.g., Greenpoint Bank v. Parissi*, 256 A.D.2d 548, 549 (2d Dep't 1998) (mortgage signed pursuant to forged power of attorney); *Drago v. Flemwellin*, 33 A.D.2d 570, 571 (2d Dep't 1969) (parties' acknowledgment not before a notary); *Griffith v. Bergstol*, 23 A.D.2d 686, 687 (2d Dep't 1965) (memorandum not acknowledged by the parties and signatures of witnesses defective); *Newpar Estates, Inc. v. Barilla*, 4 A.D.2d 186, 187 (1st Dep't 1957) (contract not signed by mortgagor); *Pape v. Pape*, 39 Misc. 2d 268, 269 (Sup. Ct. Nassau Cty. 1963) (agreement not signed by property owner); *Sobel v. Wolf*, 216 N.Y.S. 2d 132, 133 (Sup. Ct. Westchester Cty. 1961) (notary did not witness mortgage execution); *Puglisi v. Belasky*, 118 Misc. 336, 337 (Sup. Ct. Kings Cty. 1922) (executory contract unacknowledged); *cf. South Point, Inc. v. John*, 140 A.D.3d 1150, 1150 (2d Dep't 2016) (process server's affidavit did not demonstrate execution before notary). Here, plaintiff makes no claim of such a defect. The cases he relies on thus provide no authority for the relief he seeks.

Finally, plaintiff's PAC reasserts previously dismissed claims concerning other mortgages on the property. Those claims fail for the reasons stated in the January Order.

## IV. Conclusion

I conclude that the PAC fails to state a claim. Plaintiff's motion to amend is therefore denied. The Clerk of Court is directed to close this case.

**SO ORDERED.**

/s/ *Nina Gershon*
**NINA GERSHON**
**United States District Judge**

Dated: August 1, 2018
Brooklyn, New York